FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
JUL 18 2005
BROOKLYN OFFICE


C/m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
LEVITON MANUFACTURING CO.,

    Plaintiff,

    -against-

JIAMEI ELECTRICAL ENGINEERING
CO., LTD,

    Defendant.
-------------------------------------------------X

**REPORT AND
RECOMMENDATION**

02 CV 482 (ERK)

On January 22, 2002, plaintiff Leviton Manufacturing Co., Inc. ("Leviton") commenced this patent and trademark infringement action against Jiamei Electrical Engineering Co., Ltd., ("Jiamei"), pursuant to 35 U.S.C. §§ 271, 283-285, and the Lanham Trademark Act, 15 U.S.C. §§ 1051-1141. Service was effected through the Hague Convention on July 10, 2002. When Jiamei failed to answer or otherwise respond to the Complaint, Leviton moved for entry of default which was granted on April 22, 2004.

Based on Jiamei's default, Leviton seeks entry of a judgment declaring: (1) that Leviton is the owner of U.S. Patent No. 4,595,894 (the "894 patent"); (2) that the 894 patent was valid and enforceable until it expired after its full term; and (3) that the Ground Fault Circuit Interrupters ("GFCIs") which were manufactured, used, imported, sold, distributed, offered for sale or advertised by Jiamei infringed Leviton's 894 patent. On April 28, 2004, Leviton's motion was referred to the undersigned to prepare a Report and Recommendation.

For the reasons set forth below, it is respectfully recommended that Leviton's motion for default judgment be granted.[1]

---

[1] Leviton is not seeking monetary damages at this time because it has not been able to obtain sales data or evidence as to the quantity of Jiamei's infringing sales. (Letter of Barry G.

Order
The recommendation of the U.S. magistrate judge is adopted

s/Edward R. Korman
USDJ
7/14/05

## FACTUAL BACKGROUND

Plaintiff alleges that it is a Delaware corporation with its principal place of business located in Little Neck, New York. (Compl. ¶ 4). On June 17, 1986, the United States Patent and Trademark Office ("U.S.P.T.O.") issued to Leviton, as the assignee of two co-inventors, Richard C. Doyle and Lester Rivera, United States Patent No. 4,595,894 (the 894 patent), entitled "Ground Fault Circuit Interrupting System." (Id. ¶ 6).

Leviton alleges that it is the sole owner of all right, title and interest in the 894 patent, and that it is the sole owner of all right, title, and interest in the trademark and trade dress of its GFCI system. (Id. ¶¶ 7, 8). Leviton further alleges that the purchasing public has come to recognize the appearance and arrangement of the Leviton GFCI product line and believe that products having that appearance have originated from Leviton and have the same quality as Leviton products. (Id. ¶¶ 9-10).

Leviton alleges that defendant Jiamei, a company organized under the laws of the People's Republic of China, located at Xuezhai Liushi Town, Yueqing Zhejiang, China has been making, using, and offering for sale to the public ground fault circuit interrupter products which infringe on Leviton's 894 patent, in violation of 35 U.S.C. § 271. (Id. ¶¶ 5, 12). Leviton further alleges that Jiamei has marketed products utilizing the trade dress and having the same appearances as Leviton's GFCIs, creating a likelihood of confusion in the minds of the purchasing public and the trade. (Id. ¶¶ 19, 22). According to Leviton, the actions of Jiamei have been wilful and deliberate and have caused and will continue to cause irreparable harm to Leviton unless restrained. (Id. ¶¶ 23-25).

---

Magidoff, Esq., dated Sept. 28, 2004, at 1-2).

Following the filing of the Complaint, Leviton served Jiamei through the Hague Convention on July 10, 2002. (Declaration of Brad S. Needleman, Esq., dated Jan. 22, 2004, ¶ 2). On August 16, 2002, Leviton provided the Court with a status report and sought an extension of time for Jiamei to file an answer until October 15, 2002. When defendant failed to file an answer or otherwise move with respect to the Complaint, and after this Court issued a notice of impending dismissal for failure to prosecute on January 12, 2004, Leviton filed a motion for default judgment pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

## DISCUSSION

1. Default

Rule 55(a) of the Federal Rules of Civil Procedure provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). As a threshold issue, Rule 55 sets forth a two-step process which first requires the entry of a default, through a notation on the record that the party has defaulted, and then entry of a default judgment, which is the final action in the case. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). The court clerk automatically enters the default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, by notation of the party's default on the clerk's record of the case. See id.

After a default has been entered against a party, if the party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), a default judgment may be entered. See Fed. R. Civ. P. 55(b). Although an application for entry of default should be made before a

3

motion for entry of default judgment, courts will generally excuse a failure to obtain entry of default before the motion for default judgment is made. See, e.g., Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981); Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *1-2 (S.D.N.Y. Oct. 19, 1992) (citations omitted). Here, plaintiff submitted a request for an entry of default judgment on January 22, 2004. The clerk of court entered a default on April 22, 2004.

In determining whether a default judgment should enter, courts have cautioned that default judgment is an extreme remedy that should only be granted as a last resort. See Meehan v. Snow, 652 F.2d at 277. While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96 (citations omitted). Thus, in light of the "oft-stated preference for resolving disputes on the merits," defaults are "generally disfavored"and doubts should be resolved in favor of the defaulting party. Id. Accordingly, just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right. See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993).

The court possesses significant discretion and may consider a number of factors in deciding whether or not to grant a default judgment, including whether the grounds for default are clearly established, and the amount of money potentially involved - - the more money involved, the less justification for entering the default judgment. See Hirsch v. Innovation Int'l, Inc., 1992 WL 316143, at *2 (citation omitted). Additionally, a court may consider whether

4

material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff has been substantially prejudiced by the delay involved, and how harsh an effect a default judgment might have on the defendant. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); 10A Wright, Miller & Kane, Federal Practice and Procedure, §§ 2685, 2688 (3d ed. 1998).

Having reviewed the prior proceedings in the current case, this Court respectfully recommends that default judgment be entered. The Complaint clearly sets forth facts establishing a claim that the defendant violated plaintiff's rights under both the United States Patent laws, 35 U.S.C. §§ 271, 283-285, and under the Lanham Trademark Act, 15 U.S.C. §§ 1051-1141. Moreover, it is beyond dispute that the defendant is in default. The defendant has not responded to the Complaint, see Hirch v. Innovation International, Inc., 1992 WL 316143 at *2 (holding that "[the defendant's] default is crystal clear - - it does not even oppose this motion"), nor has the company obtained counsel. Such a failure to obtain counsel constitutes a failure to defend because corporations cannot proceed in federal court pro se. See Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam); see also Jones v. Niagara Frontier Transp. Auth, 722 F.2d 20, 22 (2d Cir. 1983) (discussing the rationale for requiring corporations, as "artificial" entities, to appear through counsel only).

2. Relief

It is well-settled that the burden is on the plaintiff to establish its entitlement to recovery. See Clague v. Bednarski, 105 F.R.D. 552 (E.D.N.Y. 1985). When a default judgment is entered, the defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining

5

to liability. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993); Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 977 (S.D.N.Y. 1992) (citing United States v. Di Mucci, 879 F.2d 1488, 1497 (7th Cir. 1989); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65; Deshmukh v. Cook, 630 F. Supp. 956, 959 (S.D.N.Y. 1986); 6 Moore's Federal Practice ¶ 55.03[2] (2d ed. 1988)). However, the plaintiff must still prove damages in an evidentiary proceeding at which the defendant has the opportunity to contest the claimed damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d at 158. "'While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.'" Levesque v. Kelly Communications, Inc., No. 91 CV 7045, 1993 WL 22113, at *4 (S.D.N.Y. Jan. 25, 1993) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)).

While "the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." Fustok v. Conticommodity Srvcs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988) (citations omitted), aff'd, 873 F.2d 38 (2d Cir. 1989). Here, where the plaintiff has filed reasonably detailed affidavits and exhibits pertaining to the relief requested and where the defendant has failed to make an appearance in the case, the court can make an informed recommendation regarding relief without an evidentiary hearing.

3. Application

Plaintiff contends that Jiamei's default here was wilful, in that the defendant was properly

6

served through the Hague Convention and then given additional time in which to file an answer. However, Jiamei has not taken any steps to defend in the year and a half between the time of service and filing of the motion. Plaintiff further contends that since there is no meritorious defense to the suit, judgment should enter in favor of plaintiff.

Based on a review of the copy of the patent issued by the U.S.P.T.O. to Leviton dated June 17, 1986, which is attached as an exhibit to the plaintiff's Complaint, it appears that Leviton is indeed the holder of the 894 patent for a ground fault circuit interrupting system. (Compl. Ex. A). It further appears from the patent that the term of the patent was for 17 years from the date of the patent, expiring on June 17, 2003. The Complaint further alleges that prior to the expiration of the patent, Jiamei "has been, and is infringing," the 894 patent by manufacturing, selling, distributing, and offering for sale the ground fault circuit interrupters that "embody the patented invention," and that such infringement took place and continues to take place in the Eastern District of New York. (Id. ¶ 12).

In the absence of any evidence to the contrary, the defendant in the context of a default is deemed to have admitted all allegations in the Complaint relating to liability. Thus, by its default, Jiamei has conceded the validity of the 894 patent. Similarly, Jiamei, by failing to respond to the Complaint, has also conceded that it wilfully and deliberately produced and distributed products which infringed on Leviton's 894 patent.

Accordingly, it is respectfully recommended that an Order issue as follows:

1. This Court has personal jurisdiction over the Plaintiff and Defendant;[2]

---

[2] It is well-settled that "[a] court entering a default judgment may assume that it has [personal] jurisdiction over the defendant when the defendant does not appear in court to contest the judgment, but that assumption does not preclude the defendant from later contesting

2. This Court has jurisdiction over the subject matter of this action;

3. Plaintiff is the owner of the entire right, title and interest in United States Letters Patent No. 4,595,894;

4. Patent No. 4,595,894 was valid and enforceable until it expired after its full term on June 17, 2003; and

5. The ground fault circuit interrupters manufactured, used, imported, sold, offered for sale, distributed, advertised or promoted by the Defendant infringed claims 1-4 of the 894 Patent No. 4,595,894.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to mail copies of this Report and Recommendation to the parties.

**SO ORDERED**

Dated: Brooklyn, New York
June 14, 2005

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

jurisdiction in the enforcing court." Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 730 (2d Cir. 1998) (citations omitted).